IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

```
RODRICK R. HUNTER,            *
                             *
     Petitioner,             *
vs.                          *    CRIMINAL NO. 12-00063-KD-B
                             *    CIVIL ACTION NO. 13-00527 KD-B
UNITED STATES OF AMERICA,     *
                             *
     Respondent.             *
```

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Petitioner Rodrick R. Hunter's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 33), and the Government's response in opposition thereto. (Doc. 36).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.

Because the record is adequate to dispose of this matter, no evidentiary hearing is required.[1] Having carefully reviewed the record, it is recommended that Hunter's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be **DENIED,**

---

[1] A district court is not required to hold an evidentiary hearing every time a § 2255 petitioner simply asserts a claim of ineffective assistance of counsel. <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations.  Nor is a hearing required when the petitioner's allegations are affirmatively contradicted by the record." (citation omitted).

that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Rodrick R. Hunter.  The undersigned further recommends a finding that Hunter is not entitled to the issuance of a certificate of appealability or to proceed *in forma pauperis* on appeal.

## I.   BACKGROUND

A federal grand jury indicted Hunter on March 29, 2012 for possession with intent to distribute marijuana in violation of 21 U.S.C § 841(a)(1) (Counts One and Two) and carrying and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). (Doc. 1).  At the time the federal indictment was handed down, Hunter was in state custody on related drug charges. (Doc. 15 at 3). Hunter made his initial appearance in federal court on April 25, 2012 (Doc. 9), and on June 22, 2012, he pled guilty to Count Three pursuant to a written plea agreement[2].  (Docs. 18, 19).  In the written plea agreement, the parties agreed that the United States would recommend that Hunter be sentenced to the five-year mandatory minimum sentence provided under § 924(c)(1)(A), and that the remaining charges be dropped.  (Id. at 6).

---

[2] The Honorable United States District Judge Kristi K. Dubose presided over the guilty plea proceeding held on June 22, 2012, and the sentencing hearing conducted on October 11, 2012. (Docs. 19, 35).

At the sentencing hearing conducted on June 28, 2012, Judge DuBose sentenced Hunter to five years in prison, followed by three years on supervised release.   (Doc. 29).  In sentencing Hunter, Judge Dubose observed as follows: "Well, Mr. Hunter, of course, I have to follow the law.   Your minimum mandatory is 60 months, and I'm going to stay at the minimum." (Minute Entry 10/11/12, Doc. 35 at 4).  The remaining two counts were dismissed pursuant to the parties' plea agreement.  (Id.).  Hunter did not appeal his conviction or sentence.

In Hunter's related state case, he pled guilty to one count of unlawful possession of marijuana and on May 13, 2013, he was sentenced to a term of 120 months in prison, which was suspended, and 60 months probation. (Doc. 36-3)[3].   The remaining counts were dismissed. (Id.)

In  Hunter's  habeas  petition,  he  requests  to  have  his sentence reduced pursuant to United States Sentencing Guideline § 5G1.3. (Doc. 33).   According to Hunter, he was denied effective assistance of counsel because his attorney failed to request that he either receive credit for the time he served in jail *prior* to sentencing, or that he receive a downward

---

[3] The state sentencing order was inconsistent because one section indicates that Defendant is sentenced to a suspended prison term of 120 months while another section of the order references a 36 month prison sentence.  Further, the order references the instant federal case; however, neither of the boxes labeled "consecutively" or "concurrently" is checked. (Doc. 36-3 at 1).

departure on his sentence. (Id.). Specifically, Hunter contends that he is entitled to a corrected sentence on the following grounds: (1) he should have received credit for time served under 18 U.S.C. § 3585(b); (2) he was entitled to a sentence adjustment under U.S.S.G. § 5G1.3(b); and (3) he should have received a sentence variance under U.S.S.G. § 5G1.3(c). (Doc. 33). Hunter contends that his counsel was ineffective for not raising these issues at sentencing. (Id.)

In response, the Government argues that Hunter's motion should be denied because he was not entitled to have his sentence reduced; thus, his attorney was not constitutionally ineffective for failing to request a reduction. (Doc. 36). On January 21, 2014, Hunter filed a reply where he argued that he is entitled to credit for time served, a sentence reduction pursuant to §5G1.3(b) and (c), and for his state and federal sentences to run concurrently. (Doc. 37).

## II.  LEGAL STANDARDS

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of

jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, *8-9 (S.D. Ala. August 4, 2008) (quotation marks in original).

As noted *supra*, Hunter contends that he was denied effective assistance of counsel at sentencing. In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court established a two-prong test for adjudicating ineffective assistance of counsel claims. "A defendant claiming ineffective assistance of counsel in violation of the Sixth Amendment must demonstrate that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the outcome of the proceedings." Windom v. Sec'y, Dep't of Corrs., 578 F.3d 1227, 1248, U.S. App. LEXIS 18271, 22 Fla. L. Weekly Fed. C 36 (11th Cir. 2009) (citing Strickland, 466 U.S. at 687). Because the failure to demonstrate either deficient performance or prejudice is dispositive of the claim, courts applying the Strickland test "are free to dispose of ineffectiveness claims on either of [Strickland's] two grounds." Oats v. Singletary, 141 F.3d 1018, 1023, 1998 U.S. App. LEXIS 10123, 11 Fla. L. Weekly Fed. C 1360

(11th Cir. 1998).  "[U]nder the exacting rules and presumptions set forth in Strickland, 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Windom, 578 F.3d at 1248 (citations omitted).

## III. DISCUSSION

Turning to Hunter's first argument, he contends that his counsel was ineffective because he did not ague that Hunter was entitled to credit for time served in jail prior to his federal sentencing under 18 U.S.C. § 3585(b).  Section 3585(b) provides that a defendant is entitled to credit toward a term of imprisonment for time spent in official detention prior to the date on which the sentence begins, "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 USCS § 3585.  However, district courts do not have the authority to give this sentencing credit.  "Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." United States v. Alexander, 609 F.3d 1250, 1259, 2010 U.S. App. LEXIS 13085, (11th Cir. 2010)(quoting United States v. Wilson, 503 U.S. 329, 334 (1992)).  Consequently, "a federal prisoner

dissatisfied with the computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence. United States v. Williams, 425 F.3d 987, 990, 2005 U.S. App. LEXIS 20064, 18 Fla. L. Weekly Fed. C 976 (11th Cir. 2005)(internal citation and quotation omitted). Indeed, in her order denying Hunter's request to receive jail credit, Judge DuBose explained that a federal prisoner dissatisfied with the computation of his sentence "must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." (Doc. 32). Notwithstanding, Hunter has not alleged let alone demonstrated that he has exhausted his administrative remedies or even attempted to do so. (Doc. 32). In the absence of exhaustion, this Court did not have the jurisdiction to grant credit for time served under § 3585(b), and as a result, Hunter's attorney was not ineffective for failing to raise this nonmeritorious issue. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

Hunter next argues that his counsel was ineffective because he did not argue that Hunter was entitled to relief under Section 5G1.3(b) of the United States Sentencing Guidelines[4].   In

---

[4] In 2014, Amendment 787 to the sentencing guidelines manual incorporated an amendment to section 5G1.3.  U.S.S.G. Supp. to

particular, he contends that pursuant to § 5G1.3(b), he was entitled to the following: (1) credit for time served in official custody; and (2) a downward departure of his sentence. (Docs. 33, 37). §5G1.3(b) is intended to credit defendants who have already served a term of imprisonment for the same conduct or course of conduct. United States v. Fuentes-Tavora, 265 Fed. App'x. 789, 790, (11th Cir. 2008)(unpublished).[5]   "Under U.S.S.G §5G1.3(b), the district court shall adjust a defendant's sentence for time already served if the term of imprisonment resulted from another offense (1) that is relevant conduct to the instant offense of conviction and (2) was the basis for an increase in the offense level for the instant offense." (Id).

In this case, there is no dispute that Hunter's gun offense for possession of a firearm during a drug trafficking offense was related to his state drug and firearm charges. (Doc. 24 at 6).   However, Hunter's federal sentence was calculated based

---

App. C Section 5G1.3, as amended, is entitled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment." U.S.S.G. § 5G1.3 (2014).  Given that Hunter was sentenced in 2012, §5G1.3, as it existed at sentencing, is the relevant provision with respect to Hunter's ineffective assistance of counsel claims as his counsel could not be ineffective with respect to an amendment that did not exist at the time of sentencing.

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." U. S. Ct. of App 11th Cir. Rule 36-2 (2006).

solely on the mandatory minimum sentence of five years required under 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 24 at 9). Thus, Hunter was not entitled to any relief under §5G1.3(b) and his attorney was not ineffective for failing to raise this nonmeritorious claim.

Lastly, Hunter contends that he is entitled to have his sentence reduced pursuant to § 5G1.3(c) as credit for the time he served in custody *prior* to sentencing.  At the time of Hunter's sentencing, Section 5G1.3(c) provided as follows:

> "in any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for that offense."

U.S.S.G § 5G1.3(c).

Contrary to Hunter's assertion, the undersigned finds that Section 5G1.3(c)[6], as it existed at the time of Hunter's federal sentencing, was not applicable to his case because no state sentence had been imposed for the state offenses.  As noted *supra*, Hunter was sentenced on his federal conviction on June 22, 2012 whereas he was not sentenced on his state conviction

---

[6] In 2014, §5G1.3(c) was "redesignated as subsection (d) by Amendment 787."  U.S. Sentencing Guidelines Manual supp. to app. C at 89(2014); Pitts v. Warden S. Spauling, 2015 U.S. Dist. LEXIS 165491 (M.D. Pa. Dec. 10, 2015).  However, as noted, §5G1.3(c) was the relevant provision at the time Hunter was sentenced.

until May 13, 2013, nearly a year later.  As a result, at the time Hunter was sentenced in this case, there was no "undischarged term of imprisonment" in place and Section 5G1.3(c) did not apply. See  Brown v. United States of America, 2010 U.S. Dist. LEXIS 136779 (D. N.J. Dec. 28, 2010)("At the time of sentencing, Petitioner's state term was already discharged. Because § 5G1.3(c) only applies in instances where there is an "undischarged" sentence, this Court did not have the discretion to grant credit for Petitioner's already discharged sentence.")   Thus, Hunter's counsel was not ineffective for failing to raise this nonmeritorius claim.

In sum, Hunter has failed to establish that his counsel was ineffective and that he was prejudiced by his attorney's failure to request a downward departure or time served credit for his sentence. For these reasons, his petition is due to be denied.

## IV.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus

petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000) ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090, (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003).

For the reasons discussed above, reasonable jurists could not debate whether Hunter's claim should be resolved in a different manner or was adequate to deserve encouragement to proceed further on the merits as it was clearly contradicted by the record. The recommendation that his claim be denied is

based on the straightforward application of established law, and no reasonable jurist could differ on the appropriate disposition of his claim on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability. Because Hunter is not entitled to a Certificate of Appealability, any request for leave to appeal *in forma pauperis* is likewise due to be denied.

## V.   Conclusion

For the foregoing reasons, it is recommended that Hunter's § 2255 Motion to Vacate, Set Aside, or Correct Sentence be **DENIED**, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Rodrick Hunter. In addition, the Undersigned Magistrate Judge further finds that Hunter is not entitled to issuance of a Certificate of Appealability; thus, is not entitled to appeal *in forma pauperis*.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA GenLR 72(c). The parties

should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **25th** day of **February, 2015.**

_____
**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**