**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL NO. 12-00063-KD-B** |
| | ) | |
| **RODRICK HUNTER** | ) | |

## ORDER

This matter is before the Court on Defendant's Federal Rule of Criminal Procedure 33 Motion for a New Hearing (Doc. 60) and the United States' response (Docs. 61-62). For the reasons discussed herein, the motion is **DENIED**.

On April 12, 2017, the Court held a hearing on the petition to revoke the Defendant's term of supervised release. At the hearing, the Court found that the United States had met its burden, showing by a preponderance of evidence, that the Defendant was in possession of a firearm on February 6, 2017. As a result, the Court revoked Defendant's term of supervised release and sentenced him to a seven month term of imprisonment.

The Court found that the Defendant occupied the passenger seat of a vehicle in which a firearm was found. The butt of the firearm was sticking out from underneath the Defendant's seat. At the hearing, several photographs taken by law enforcement officers were admitted into evidence. The photographs were offered for the purpose of showing the location in the vehicle where the firearm was first found.

In his motion, Defendant moves the Court to hold a new revocation hearing based on "newly discovered evidence." (Doc. 60 at 1). Defendant argues that [t]he newly discovered evidence – that the firearm had been first seen by [Selma Police Officer] Rouse and not [Selma Police Lieutenant] Neely; removed from the vehicle by Rouse; disarmed by Rouse not [Selma

Police Detective] Calhoun, then was later put back in the car by Calhoun and photographed – undermines confidence in the court's constructive possession finding." (Doc. 60 at 2-3). Assuming without finding that Federal Rule of Criminal Procedure 33 provides for a new hearing under these circumstances, the information provided by the Defendant would not alter the Court's finding, based on a preponderance of the evidence, that the Defendant possessed the firearm on the date in question.

First, the fact that the photographs were recreated does not diminish the finding that the photo reflected how Lieutenant Neely initially observed the firearm. As the United States points out, Lieutenant Neely testified that the firearm, when he saw it, was "just like" the location represented in the photographs. (Doc. 61 at 2).

Moreover, Defendant fails to cite to any evidence to support his contention that Lieutenant Neely was not the first officer to see the firearm. Specifically, the Defendant states, "On information and belief, Selma Police Officer Scott Rouse, who did not testify at the revocation hearing, first saw the firearm in the vehicle. Rouse removed the gun and handled it in order to make it safe." (Doc. 60 at 1). The Defendant fails to identify any grounds for this "information and belief," though it appears the Defendant's "information and belief" may be based on an April 25, 2017 e-mail from Assistant United States Attorney Gina Vann to defense counsel Fred Tiemann. [1] (Doc. 62 at 1). However, the contents of the e-mail and the Defendant's interpretation of its contents appear to differ. There is nothing in the e-mail indicating that Lieutenant Neely was not the first officer to observe the firearm. Rather, the contents of the e-mail state, "[t]he firearm was *removed* from its first seen and observed location in the vehicle by

---

[1] Mr. Tiemann represents the Defendant in United States of America v. Rodrick Hunter, 17-CR-00024-KD-MU. Per the Defendant's motion, Mr. Tiemann supplied this information to the Defendant's counsel in this case. (Doc. 60 at 1-2).

Officer Scott Rouse." (Doc. 62 at 1, emphasis added). Accordingly, the Court's determination is unchanged and the motion for a new hearing is **DENIED**.

**DONE** and **ORDERED** this **3rd** day of **May 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**