# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action 2:12-00063-KD |
| | ) |
| RODRICK R. HUNTER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on defendant Rodrick R. Hunter's Motion to Amend Nunc Pro Tunc (doc. 65) and the response in opposition filed by the United States (doc. 67). Hunter moves the Court to "amend the SRT revocation order (Doc. 59), *nunc pro tunc,* to March 14, 2017, and designate the Dallas County Jail as the place for service of the SRT revocation sentence" (doc. 65). Upon consideration and for the reasons set forth herein, Hunter's motion is DISMISSED for lack of jurisdiction.

On October 11, 2102, Hunter was sentenced to sixty months for the offense of possession of a firearm during a drug trafficking crime (doc. 29). On the evening of February 6, 2017, while Hunter was serving his term of supervised release, he was arrested by State of Alabama law enforcement and charged with possession of stolen property (a gun) and possession of a pistol after conviction of a crime of violence (doc. 65). On April 12, 2017, Hunter's term of supervised release was revoked and he was committed to the custody of the United States Bureau of Prisons to serve a seven-month sentence of imprisonment (doc. 59).[1]

---

[1] As a result of the same conduct, Hunter was indicted for the offenses of prohibited person in possession of a firearm (Count 1) and possession of a stolen firearm (Count 2). *See United States v. Hunter*, Criminal Action No. 2:17-00024-KD-N (S.D. Ala. 2017). Count 2 was dismissed on the United States' motion. At trial, Hunter was acquitted of Count 1. (*Id*., at Doc. 82)

Hunter moves the Court to modify the judgment for revocation and designate the Dallas County Jail as the place for service of the seven-month revocation sentence. As grounds, Hunter argues that he "has been unable to make bail in the State cases" and that his cases "have not yet been presented to a grand jury" (doc. 65, p. 2). Therefore, he "has been unable to commence service of the SRT revocation sentence" (doc. 65, p. 2). Hunter argues that a *nunc pro tunc* amended judgment would ensure that his inability to make bail "will not cause him to serve more time than the court intended in its revocation order." (*Id.*) However, Hunter does not provide any case law, rule or statute that would give the Court jurisdiction to modify the judgment as requested.

The United States responds that the Court lacks jurisdiction under either Rule 35(a) or Rule 36 of the Federal Rules of Criminal Procedure to amend the judgment. The United States argues that Hunter's inability to make bond was not "discussed prior to the pronouncement of [his] sentence" and "was not part of the basis for the defendant's sentence" (doc. 67, p. 1).

The district courts have limited statutory jurisdiction to modify a sentence. Pursuant to 28 U.S.C. § 3582(c)(2), the Court may modify a sentence under certain limited circumstances, none of which are present in Hunter's request. The statute provides for modification of a sentence on motion from the Director of the Bureau or Prisons, pursuant to Rule 35, or when a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" However, the Director has not filed a motion and Hunter does not allege that the Sentencing Commission has lowered his sentencing range.

Rule 35 provides for correcting a sentence within fourteen days after sentencing, for "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Since Hunter has not

alleged an error in his sentence, <u>and more than fourteen days have passed</u>, relief under this Rule is not available. *Id*. Rule 35(b) provides for reduction of sentence on motion of the United States for a defendant's substantial assistance. Fed. R. Crim. P. 35(b). Since the United States has not filed a motion, Rule 35(b) does not apply.

Rule 36 provides that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. As previously stated, Hunter has not alleged an error in his sentence. Also, Rule 36 may not be used to make a substantive amendment to a criminal sentence, such as requested by Hunter. *See United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

Moreover, the Bureau of Prisons has the authority to designate the place of Hunter's imprisonment and "may designate any available penal or correctional facility" that meets certain standards, after consideration of the statutory factors for designation. 18 U.S.C. § 3621(b)

Since the Court lacks jurisdiction to modify Hunter's sentence, the motion is due to be dismissed for lack of jurisdiction.

**DONE** and **ORDERED** this the 2nd day of January 2018.

                                              <u>/s / Kristi K. DuBose</u>
                                              **KRISTI K. DuBOSE**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**